UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANJELU SAJETTA,<br><br>                    Petitioner,<br><br>          -against-<br><br>MAGINLEY-LIDDIE,<br><br>                    Respondent. | |

25-CV-5718 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Rikers Island, paid the fee to bring this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. For the reasons set forth below, the Court directs Petitioner to file an amended petition within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

The following facts are taken from the petition and the more than 300 pages of attachments, most of which are documents from Petitioner's state-court litigation. (*See* ECF 1 at 13-328.) (ECF 1 at 82-93.) Petitioner is in pretrial detention, having been charged with Arson in the Third Degree and Reckless Endangerment in the Second Degree under New York County Indictment No. 72641/2023. (ECF 1 at 82.) Petitioner sought *habeas corpus* relief in the state trial court;[1] on July 17, 2024, the trial court denied the *habeas* petition on procedural and substantive grounds; the Appellate Division affirmed the denial of the writ on March 20, 2025, and denied re-argument and leave to appeal on July 1, 2025. (*Id.*)

Petitioner alleges in this petition that: the prosecution in his ongoing criminal proceedings made false statements in court and "misled the court to induce a wrongful decision"; the prosecution has not complied with the speedy trial provisions of the Interstate Agreement on Detainers, New York Crim. Proc. L. 580.20, "resulting in a loss of jurisdiction"; and he has been denied effective legal representation and access to discovery. (*Id.* at 5.) After Petitioner filed this petition, he filed a motion for *pro bono* counsel and a motion to expedite this matter. (ECF 3, 8.)

**DISCUSSION**

In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Id.* at 53-54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a . . . pending state

---

[1] Counsel filed the *habeas corpus* petition on Petitioner's behalf, but Petitioner has otherwise proceeded *pro se* in the collateral litigation.

2

criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) ("The *Younger* abstention doctrine embodies the longstanding public policy against federal court interference with state court proceedings." (internal quotation marks and citation omitted)); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (holding that "[t]here is no question that [an] ongoing prosecution implicates important state interests[.]").

Bad faith or harassment exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome." *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002) (holding that the bad faith exception arises when "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive"); *DeMartino v. N.Y. State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that plaintiff's allegations that the state administrative charges against him were based on defendant's false statements did not "serve as the factual predicate for a plausible finding of bad faith").

Because a "pending state court prosecution ordinarily provides the accused 'a fair and sufficient opportunity for vindication of federal constitutional rights,'" *Nazer v. Warden at Rikers Island*, No. 24-CV-5226 (LTS), 2024 WL 4109081, at *1 (S.D.N.Y. Aug. 26, 2024) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)), federal courts routinely decline to entertain *habeas* petitions filed by defendants who are in the midst of ongoing state

3

criminal proceedings. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (declining to consider a Section 2241 petition on the merits pursuant to *Younger*); *Jones v. Walker*, No. 22-CV-993 (LTS), 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) ("Where a pretrial detainee challenges his custody in a habeas corpus petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding."); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973) (federal courts cannot "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court").

The Court cannot conclude that, based on the allegations set forth in the Section 2241 petition, that an exception to *Younger* abstention applies here.[2] Although Petitioner invokes the wording of the exceptions, he alleges no facts that suggest any bad faith, harassment, or irreparable injury that is both serious and immediate. Petitioner pursued his claims in the state court, apparently partly with the assistance of counsel, and he has asserted no facts suggesting that the proceedings against him in the state court are retaliatory, harassing, or illegitimate. Thus, the Court has no basis to intervene in Petitioner's state criminal proceedings.[3]

---

[2] But before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* It is not clear that Petitioner has completely exhausted his state court remedies, but the Court will at this stage assume without deciding that he has.

[3] Petitioner invokes the Interstate Agreement on Detainers (IAD), which is an interstate compact to establish procedures for resolution of one state's outstanding charges against a prisoner of another jurisdiction. *See New York v. Hill*, 528 U.S. 110, 111 (2000). The Second Circuit has held that violations of the IAD cannot generally be challenged collaterally. *See Bentley v. Scully*, 851 F. Supp. 586, 595 (S.D.N.Y. 1994) (citing *Reilly v. Warden,* 947 F.2d 43, 44

## MOTIONS

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Petitioner's efforts to obtain a lawyer, and Petitioner's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Petitioner's motion for counsel is denied without prejudice to renewal at a later date.

Because it appears that abstention is appropriate, the Court denies the motion to expedite this matter.

## LEAVE TO AMEND

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented petitioner an opportunity to amend a petition to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts should not dismiss a *pro se* submission without granting leave to amend at least once when a liberal reading of the petition "gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Petitioner's *pro se* status, the Court

---

& n.2 (2d Cir. 1991)); *see also Carzoglio v. Corradino*, No. 23-CV-614, 2023 WL 3956610, at *1 (D. Conn. May 12, 2023) (noting that there is a "question whether a violation of the IAD may furnish the basis for a grant of *habeas corpus* relief" (quoting *Joyce v. Pataki*, 100 F.3d 941, at *2 (2d Cir. 1996) (summary order)); *Simms v. LaClair*, 769 F. Supp. 2d 116, 135 (W.D.N.Y. 2011) (noting that the "Second Circuit has held that alleged violations of the IAD are not cognizable on federal habeas review.")

grants Petitioner 60 days' leave to amend his petition to show that the *Younger* does not apply to this case.

### CONCLUSION

The Court denies the pending motions, and the Clerk of Court is directed to terminate them. (ECF 3, 8.)

Petitioner is directed to file an amended petition as set forth above. The amended petition must be submitted to this Court's *Pro Se* Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition For A Writ Of *Habeas Corpus* Under 28 U.S.C. § 2241 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

SO ORDERED.

Dated:    December 4, 2025
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

AO 241
(Rev. 06/13)

Page 1

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.    You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.    **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.    **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241
(Rev. 06/13)

Page 2

**AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

| The Attorney General of the State of |
|---|

**AMENDED**

**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?　❑ Yes　❑ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

6.    (a) What was your plea? (Check one)

        ❑ (1)　Not guilty　　❑ (3)　Nolo contendere (no contest)

        ❑ (2)　Guilty　　　　❑ (4)　Insanity plea

AO 241
(Rev. 06/13)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury      ❒ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes      ❒ No

8.      Did you appeal from the judgment of conviction?

❒ Yes      ❒ No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?      ❒ Yes      ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ❐ Yes    ❐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ❐ Yes    ❐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes    ❐ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes     ❒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes     ❐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ❐ Yes     ❐ No

(2) Second petition:   ❐ Yes     ❐ No

(3) Third petition:    ❐ Yes     ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241                                                                                                          Page 7
(Rev. 06/13)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ❒  Yes        ❒  No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒  Yes         ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                              ❒  Yes        ❒  No

(4) Did you appeal from the denial of your motion or petition?                         ❒  Yes        ❒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❒  Yes        ❒  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒   Yes        ❒   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes        ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❐    Yes    ❐    No

(4) Did you appeal from the denial of your motion or petition?    ❐    Yes    ❐    No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐    Yes    ❐    No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❐   Yes          ❐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❐   Yes          ❐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❐   Yes        ❐   No

(4) Did you appeal from the denial of your motion or petition?               ❐   Yes        ❐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐   Yes        ❐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❐    Yes        ❐    No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐    Yes        ❐    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(3) Did you receive a hearing on your motion or petition?          ❒   Yes      ❒   No

(4) Did you appeal from the denial of your motion or petition?      ❒   Yes      ❒   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❒   Yes      ❒   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:






(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ❒   Yes          ❒   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?          ❒     Yes       ❒  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?          ❒     Yes       ❒  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241
(Rev. 06/13)

Page 14

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❒    Yes    ❒    No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❒    Yes    ❒    No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

AO 241                                                                                                         Page 15
(Rev. 06/13)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

| Print | Save As... | Reset |